UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

**LOL FINANCE CO.**                                                                 PLAINTIFF

v.                                                                                   No. 5:20-cv-92-BJB

**PHILLIP TARVER CATTLE CO., LLC, ET AL.**                                          DEFENDANTS

\* \* \* \* \*

**OPINION & ORDER**

    LOL Finance Company sent Phillip and Barbara Tarver and their cattle company a letter in 2018 notifying them that they had defaulted on a line of credit. Complaint (DN 1) ¶ 17. Because the Tarvers apparently never cured the default, ¶ 18, LOL Finance now asks the Court to grant partial summary judgment on its breach-of-contract claim, DN 51. The sole defendant to appear during this stage of the proceedings—Barbara Tarver—hasn't resisted the motion or disputed LOL's version of the facts. Based on LOL Finance's unopposed showing, therefore, the Court grants the motion for partial summary judgment.

**I.**

    This is LOL Finance's third motion for partial summary judgment. Its first arrived in 2021, DN 31—but the Tarvers filed for Chapter 7 bankruptcy soon after. *See* Notice of Bankruptcy (DN 38). So the Court dismissed the motion without prejudice and the case remained (automatically) stayed for several years until the bankruptcy proceedings ended. *See* 11 U.S.C. § 362; Order Staying Case (DN 39).

    LOL Finance notified the Court that the bankruptcy proceedings concluded in November 2023. After the stay lifted, LOL Finance filed a renewed motion for partial summary judgment (DN 46) on the same grounds it previously raised. The Defendants did not respond, but Barbara Tarver appeared *pro se* at a February 2025 hearing on that motion. The cattle company—which had been but was no longer represented by an attorney—did not appear. *See* Order Granting Motions to Withdraw (DN 30). Mrs. Tarver's appearance was the first activity since 2022 of any sort by any Defendant in the case.

    During the 2025 hearing, Mrs. Tarver shared that her husband had died, the Philip Tarver Cattle Company was defunct, and no assets of significance remained in her possession or his estate. She thought her bankruptcy lawyer would represent her

1

in this case, though he hadn't (and ultimately wouldn't) appear on her behalf. For its part, LOL Finance indicated that it would likely not pursue any of its claims other than breach of contract. Its tort claims for conversion, conspiracy, and replevin would almost certainly become irrelevant or redundant, according to Plaintiff's counsel, if LOL Finance could secure judgment on its breach claim.

The Court gave Mrs. Tarver two weeks to secure counsel or otherwise respond, denied without prejudice the renewed motion for partial summary judgment, and ordered LOL Finance to file a new motion clarifying the claims and Defendant(s) it still wished to pursue. *See* February 2025 Order (DN 50).

LOL Finance did so in March 2025 and the Court held another hearing later that month. Ms. Tarver again appeared *pro se*, but this time she confirmed on the record that she would not be represented and offered no opposition to the claims pursued against her. Neither she nor any other party has responded to LOL Finance's most recent motion.

## II.

LOL Finance's motion argues Mrs. Tarver—individually and on behalf of Mr. Tarver's estate[1]—and the Phillip Tarver Cattle Company breached a loan contract by failing to repay the line of credit. Though the motion is unopposed, the Court must still "examine the movant's motion for summary judgment to ensure that he has discharged his initial burden" before entering judgment on any claim. *Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 614 (6th Cir. 1998) (cleaned up). The moving party must show that "there is no genuine dispute as to any material fact" and that it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

**A.     Breach of Contract.**  According to LOL Finance's Chief Lending Officer Lance Crawford, the Tarvers and their LLC first contracted with LOL Finance in November 2010. Crawford Affidavit (DN 32) ¶ 4. LOL Finance agreed to provide the Defendants with a $1,000,000 line of credit to raise and purchase cattle. In exchange, the Tarvers signed a promissory note and business-loan agreement promising to repay the principal and interest by the end of October 2011. *Id.*

That month, however, the Tarvers, their company, and LOL Finance entered into an amended agreement, with the Tarvers promising to repay a principal amount of $1,250,000, plus interest, by end of October 2012. The parties modified this agreement several more times over the years. ¶ 6. In December 2017, the Tarvers and LOL Finance amended the agreement a final time. A "Change in Terms Agreement" (DN 32-1) and "Business Loan Agreement" (DN 32-2) signed by the

---

[1] The Court substituted Mrs. Tarver, in her capacity as executrix of her husband's estate, for Mr. Tarver in 2024. DN 45.

2

Tarvers (individually and on behalf of their company) on December 22, 2017, show the Defendants agreed to repay $1,600,000 in principal and any remaining interest at an annual rate of 6.150% by July 1, 2018. Crawford Affidavit ¶ 6. They also granted LOL Finance a security interest in their cattle and related farm assets. Commercial Security Agreement (DN 1-3).

LOL Finance sent a demand letter to the Tarvers in September 2018, informing them they had defaulted on their line of credit. Demand Letter (DN 32-3); Crawford Affidavit ¶ 10. As of April 6, 2021, according to LOL Finance, the Tarvers owed $1,599,736.41 in principal and $340,200.03 in interest. ¶ 12.

Because the Defendants do not oppose LOL Finance's motion, no factual dispute exists regarding these agreements and obligations. The 2018 Change of Agreement, 2018 Business Loan Agreement, and 2018 Demand Letter—even read in the light most favorable to the Tarvers—are consistent with Crawford's affidavit. The Tarvers and their company entered into a contract to repay a line of credit, defaulted on the loan, and owe LOL Finance the principal and interest as damages. This evidence suffices to establish a breach of contract.[2] *See, e.g.*, *Henderson v. Skyview Satellite Networks, Inc.*, 474 F. Supp. 3d 893, 904 (W.D. Ky. 2020) (elements of breach are "(1) existence of a contract; (2) breach of that contract; and (3) damages"); *Hutson, Inc. v. Windsor*, No. 5:12-cv-191, 2014 WL 5782541, at *2 (W.D. Ky. Nov. 6, 2014) (summary judgment appropriate "on a showing that the defendant debtor executed and defaulted on the note") (citation omitted). The Court therefore grants LOL Finance's motion for partial summary judgment on the breach-of-contract claim against Mrs. Tarver, Mr. Tarver's estate, and their company.

**B.    Remaining Claims.** LOL Finance also brought claims for conversion, aiding and abetting conversion, conspiracy to commit conversion, and replevin. Complaint ¶¶ 27–44. These claims were brought against the Tarvers and "unknown persons and/or business entities" who may have gained possession of the collateral. *Id*. But LOL Finance agrees to dismiss without prejudice any of its remaining claims against all Defendants if the Court grants its summary-judgment motion on the breach-of-contract claim. Second Renewed Motion at 4. Now that the Court has done so, it accordingly grants the conditional motion to dismiss and dismisses without prejudice the remaining claims for conversion, aiding and abetting and conspiracy to commit conversion, and replevin against all Defendants.

### ORDER

---

[2] The 2017 change-in-terms agreement and business-loan agreement contain a Minnesota choice-of-law provision. LOL Finance submits, and the Court agrees, that the elements for a breach-of-contract claim are the same under Kentucky and Minnesota law. *See* First Summary-Judgment Motion (DN 31) at 8.

The Court grants LOL Finance's second renewed motion for partial summary judgment on its breach-of-contract claim against Barbara Tarver individually and on behalf of the estate of Phillip Tarver and the Phillip Tarver Cattle Company. The Court further dismisses all remaining claims without prejudice. A separate judgment will follow.